# IN THE UNITED STATES FEDERAL COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **JAMEY KENNEDY,** | ) |
| | ) Case No. 2:23-cv-35 |
| *Plaintiff,* | ) _____ |
| | ) |
| *v.* | ) |
| | ) |
| **MARIA FUENTES**, individually and in her official capacity as Deputy of the Wake County Sheriff's Office, | ) **COMPLAINT** |
| | ) |
| **WILLIE ROWE,** individually and in his official capacity as the Sheriff of the Wake County Sheriff's Office, | ) **JURY DEMAND** |
| | ) |
| **WAKE COUNTY**, | ) |
| | ) |
| *Defendants.* | |

The Plaintiff, by and through undersigned counsel, complains of the Defendants as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Eastern District of North Carolina, the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. This Court is authorized to grant the Plaintiffs' prayer for relief regarding costs, including reasonable attorney's fees, under 42 U.S.C. § 1988.

## JURY DEMAND

1

5. Pursuant to the Seventh Amendment of the United States Constitution, the Plaintiffs hereby request a jury trial on all issues and claims set forth in this Complaint.

**FACTS**

6. The Wake County Sheriff's Office is the primary law enforcement agency for the unincorporated areas of Wake County, North Carolina (the "County").

7. Wake County elects its Sheriff to four-year terms.

8. Prior to being elected Sheriff, Defendant Rowe served as a Deputy for the Wake County Sheriff's Office for 28 years, achieving the rank of Major.

9. Defendant Rowe was elected as the Wake County Sheriff in November 2022 and took office as the County Sheriff on December 6, 2022.

10. At all relevant times, Defendant Fuentes, was a sworn deputy with the Wake County Sheriff's Office

11. In November 2022, Defendant Fuentes received an anonymous drug complaint that advised the Plaintiff and Joseph Misuraca struggle with drug addiction and that Mr. Misuraca was involved in drug sales.

12. A search of law enforcement databases showed that Mr. Misuraca has previous charges of possession with intent to sell or deliver marijuana, but upon information and belief, he only pled to simple possession.

13. Defendant Fuentes reviewed a police report that alleged Mr. Misuraca lived at 5020 Silvers Rd, Raleigh, NC 27606.

14. Defendant Fuentes conducted surveillance of 5020 Silvers Rd, Raleigh, NC 27606 on the week of December 26, 2022. Defendant Fuentes noticed an unknown male driver arrive,

stay approximately an hour, and then a white female driver leave the residence. Defendant Fuentes reported no other activity.

15. Defendant Fuentes does not identify Mr. Misuraca or Ms. Kennedy in her report. She also does not confirm that either party lived at this residence.

16. Defendant Fuentes returned to 5020 Silvers Rd, Raleigh, NC 27606 with other members of the Office Drugs and Vice Unit on January 3, 2023.

17. Upon information and belief, Defendant Fuentes was in charge of the group of deputies involved in this operation.

18. Defendant Fuentes knocked on the door, and Jane Kennedy, Plaintiff's mother, answered the door, and propped open the storm door, so she could hear the officer.

19. Defendant Fuentes asked if the Plaintiff was at home, and she confirmed.

20. Eventually, Ms. Kennedy was awoken from a slumber upon hearing the commotion and forced entry of law enforcement. Ms. Jane Kennedy yelled for the Plaintiff. Plaintiff responded, "can't help them with anything."

21. Defendant Fuentes reports that Jane Kennedy granted permission for her to enter. However, Jane Kennedy asserts she never gave permission for the Sheriff's department to enter the home. Moreover, Defendant Fuentes did not have a warrant. (See attached affidavit)

22. Defendant Fuentes entered the home and approached Plaintiff's bedroom.

23. Plaintiff slightly opened the door but did not grant entry into her room.

24. In Defendant Fuentes's own affidavit, there is no allegation that Plaintiff authorized her entry.

25. Defendant Fuentes forced entry into the room without the Plaintiff's consent.

26. Only after forcing entry into Plaintiff's bedroom did Defendant Fuentes allege that she could see paraphernalia in plain view and indicate there was the smell of marijuana. However, no testing was ever conducted on any of the paraphernalia to confirm that marijuana was present, nor was Plaintiff charged with any marijuana or paraphernalia crimes.

27. Defendant Fuentes and other WCSO Deputies continued to search the home, based solely on the narcotics and paraphernalia that was found in Plaintiff's bedroom, after forced entry into the home and bedroom.

28. During the search of Plaintiff's bedroom, the Defendant and/or other Sheriff's Deputies, damaged the dresser, bed, and bed frame belonging to the Plaintiff. The damage is estimated at $1,000.

29. Defendant Fuentes located a .38 pistol, serial number 835345, in Plaintiff's room, that was locked inside a safe. The safe required the use of keys to access the contents. Plaintiff did not consent to the search of the safe. Notwithstanding the lack of consent, Defendant Fuentes and/or her deputies searched the safe prior to Defendant Fuentes receiving any warrant. Even when Defendant Fuentes received a warrant, it did not specifically list the safe.

30. Defendant Fuentes, or another Deputy on the search team, seized the .38 pistol, but did not charge Plaintiff with any crimes related to possession of the pistol.

31. Upon information and belief, Plaintiff has not been convicted of any crime that would bar her from owning a firearm.

32. At some point while Deputy Fuentes and her officers were conducting a search of the house, Mr. Misuraca arrived in a vehicle near the scene. Defendant Fuentes alleges Mr. Misuraca was seen stuffing something between the seat and the door of the vehicle.

33. Defendant Fuentes alleges that she could see a corner of a small plastic bag on the floorboard of the vehicle and therefore searched the vehicle finding cocaine. Defendant Fuentes admits in her affidavit for the warrant that she used the paraphernalia she discovered in the residence as a basis for the search of the vehicle.

34. In Defendant Fuente's affidavit, she does not provide details of the owner of the vehicle, any proof that Mr. Misuraca resides at the address on the warrant,

35. The search warrant that was eventually obtained only authorized search of the home. No vehicles are listed on the search warrant.

36. Mr. Misuraca was arrested and charged with several crimes, including felony in possession of a firearm for the .38 pistol that was recovered from Jamey's room.

37. Defendant Fuentes's affidavit does not state that she, or any other deputy, ever saw Mr. Misuraca in the house.

38. Wake County Sheriff Office is still in possession of the .38 pistol that was found in the home.

## CAUSES OF ACTION

### COUNT I: Fourth Amendment to the U.S. Constitution, via 42 U.S.C. § 1983

39. Plaintiff incorporates above paragraphs 1 through 38 by reference as if fully set forth herein.

40. The Deputies of the Wake County Sheriff Office operate under the supervision and control of the elected Sheriff, Sheriff Willie Rowe. Deputy Fuentes is a Sheriff Deputy for the Wake County Sheriff's Office. The actions of Deputy Fuentes, and other Deputies present at 5020 Silvers Rd, Raleigh, NC on January 3, 2023, are and were at all material times the actions of both

Wake County and the Defendant Willie Rowe and reflected the policies and procedures of these defendants.

41. The Fourth Amendment ordinarily requires that a law enforcement officer obtain a judicial warrant prior to entering a home without permission. *Riley v. California*, 573 U. S. 373, 382 (2014).

42. But an officer may make a warrantless entry when "the exigencies of the situation," considered in a case-specific way, create "a compelling need for official action and no time to secure a warrant." *Kentucky v. King*, 563 U. S. 452, 460 (2011); *Missouri v. McNeely*, 569 U. S. 141, 149 (2013).

43. A tip from an anonymous source may provide reasonable cause to detain a person if it includes some facts that are verified by police. *Alabama v. White*, 496 U.S. 325 (1990).

44. Defendants knew or should have known that absent a warrant or consent from a person reasonably authorized to give consent to enter into the home, they could not enter the home.

45. Defendants knew or should have known that given the circumstances, that lack of activity at 5020 Silvers Road, Raleigh, North Carolina during surveillance and the lack of any exigency, that they did not have legal authority to enter the residence.

46. Defendants knew, or should have known, that Jane Kennedy did not have authority to give consent to law enforcement to enter the residence.

47. Defendants' investigation and their actions taken thereafter were taken in bad faith, or, in the alternative, negligently, and the plaintiff was damaged by reason thereof in at least the following respects:

    a. Loss of personal freedom;

    b. Loss of her .38 pistol.

- c. Pain and suffering, both physical and emotional; and
- d. Loss of reputation in the community of Raleigh and throughout City of Raleigh, North Carolina.

48. The wrongful acts of the defendants complained of herein were undertaken maliciously and include, without limitation, the following:

- a. Intentionally causing the unlawful seizure of Plaintiff when Defendants knew or should have known there were no grounds, probable cause, warrant, or exigent circumstances creating lawful authority to enter the Plaintiff's home;
- b. Intentionally causing the unlawful seizure of Plaintiff's pistol when Defendants knew or should have known there were no grounds, probable cause, warrant, or exigent circumstances creating lawful authority to enter Plaintiff's home;
- c. Intentionally causing the unlawful destruction of Plaintiff's personal property when Defendants knew or should have known there were no grounds, probable cause, warrant, or exigent circumstances creating lawful authority to enter Plaintiff's home;
- d. Defendants intended from the beginning of their investigation to charge Plaintiff with a crime;
- e. The failure of the Defendant Willie Rowe to adequately train the deputies of the Wake County Sheriff's Department in investigative techniques and procedures; and
- f. Preparation of groundless reports and affidavits in order to obtain a search warrant of Plaintiff's property.

49. Plaintiff has been compelled to employ the undersigned attorneys to represent her in this matter and is entitled to recover a reasonable attorneys' fee for services of her attorneys herein.

50. Upon information and belief, Wake County has waived sovereign immunity by obtaining a general liability insurance policy.

**COUNT II: Fourth Amendment to the U.S. Constitution, via 42 U.S.C. § 1983**

51. Plaintiff incorporates above paragraphs 1 through 50 by reference as if fully set forth herein.

52. The Deputies of the Wake County Sheriff Office operate under the supervision and control of the elected Sheriff, Sheriff Willie Rowe. Deputy Fuentes is a Sheriff Deputy for the Wake County Sheriff's Office. The actions of Deputy Fuentes, and other Deputies present at 5020 Silvers Rd, Raleigh, NC on January 6, 2023, are and were at all material times the actions of both Wake County and the Defendant Willie Rowe and reflected the policies and procedures of these defendants.

53. Defendants know of and enforce the policies and practices described above.

54. The Fourth Amendment ordinarily requires that a law enforcement officer obtain a judicial warrant prior to entering a home without permission. *Riley v. California*, 573 U. S. 373, 382.

55. But an officer may make a warrantless entry when "the exigencies of the situation," considered in a case-specific way, create "a compelling need for official action and no time to secure a warrant." *Kentucky v. King*, 563 U. S. 452, 460; *Missouri v. McNeely*, 569 U. S. 141, 149.

56. A tip from an anonymous source may provide reasonable cause to detain a person if it includes some facts that are verified by police. *Alabama v. White* 496 U.S. 325 (1990).

57. Defendants knew or should have known that absent a warrant or consent from a person reasonably authorized to give consent to enter into the home, they could not lawfully enter the home.

58. Generally, a roommate can give police permission to search the areas of a home or apartment that he or she has control over. This means a person can give police authority to search the bedroom and any common space that he or she occupies. *United States v. Matlock*, 415 U.S. 164, 171 (1974).

59. Defendants knew or should have known that given the circumstances, that lack of activity at 5020 Silvers Road, Raleigh, North Carolina during surveillance, lack of exigent circumstances, that even if Defendants had consent from Jane Kennedy to enter the residence, they lacked the legal authority to enter Plaintiff's personal space in the home, specifically the bedroom.

60. Defendants knew or should have known that the circumstances leading to the discovery of the firearm were in violation of the Fourth Amendment, yet proceeded to force entry and search the Plaintiff's room regardless.

61. The investigation conducted by the defendants and their actions taken thereon were taken in bad faith, or, in the alternative, negligently, and the plaintiff was damaged by reason thereof in at least the following respects:

    a. Loss of personal freedom;

    b. Pain and suffering, both physical and emotional; and

    c. Loss of reputation in the community of Raleigh and throughout City of Raleigh, North Carolina.

62. The wrongful acts of the defendants complained of herein were undertaken maliciously and include, without limitation, the following:

   a. Intentionally causing the unlawful seizure of the plaintiff when the defendants knew or should have known there were no grounds, probable cause, warrant, or exigent circumstances to enter the Plaintiff's room;

   b. Intentionally causing the unlawful seizure of the plaintiff's .38 pistol when the defendants knew or should have known there were no grounds, probable cause, exigent circumstances, or warrant to enter the Plaintiff's room;

   c. Intentionally causing the unlawful destruction of the Plaintiff's bedroom furniture when the defendants knew or should have known there were no grounds, probable cause, exigent circumstances, or warrant to enter the Plaintiff's room;

   d. The intent of the defendants from the beginning of their investigation to charge plaintiff with a crime;

   e. The failure of the defendants, Wake County and Defendant Rowe, to adequately train the deputies of Wake County Sheriff's Office in investigative techniques and procedures;

   f. Preparation of groundless reports and affidavits in order to obtain an arrest warrant against the plaintiff; and

   g. The procurement of a groundless search warrant against the plaintiff based upon incomplete, unsupported evidence which the defendants knew or should have known was false, distorted, or fabricated.

10

Case 5:23-cv-00264-D-BM     Document 1     Filed 05/18/23     Page 10 of 16

63. Plaintiff has been compelled to employ the undersigned attorneys to represent her in this matter and is entitled to recover a reasonable attorneys' fee for services of her attorney's herein.

64. Upon information and belief, the Wake County Sheriff's Office has waived sovereign immunity by obtaining a general liability insurance policy.

**COUNT III: N.C. Constitution Article 1, Section 19**

65. Plaintiff incorporates paragraphs 1 through 64 by reference as if fully set forth herein.

66. Under the North Carolina Constitution, "[n]o person shall be taken, imprisoned, or disseized of his freehold, liberties, or privileges, or outlawed, or exiled, in in any manner deprived of his life, liberty, or property, but by the law of the land." N.C. Const. Art I, Section 19.

67. Plaintiff's rights under Article 1, Section 19 of the North Carolina Constitution were violated in the following ways:

   a. Defendant Fuentes in her official capacity, without probable cause, warrant, or consent, searched Plaintiff's home.

   b. Defendant Fuentes in her official capacity, without probable cause, warrant, or consent, searched Plaintiff's room.

   c. Defendant Fuentes in her official capacity, without probable cause, warrant, or consent, searched Plaintiff's locked lockbox/safe.

   d. Defendant Fuentes in her official capacity, without probable cause, warrant, or consent wrongfully seized Plaintiff's .380 pistol.

   e. Defendant Fuentes, or another deputy under her supervision on January 3, 2023, destroyed personal belongings of Plaintiff without any legal authority.

68. As a result of Defendant Fuentes's conduct in her official capacity, Plaintiff was damaged as provided above.

69. There are no adequate state law remedies available to Plaintiff against Defendant Fuentes in her official capacity.

**COUNT IV: FALSE IMPRISONMENT- DEFENDANT FUNETES INDIVIDUALLY**

70. Plaintiff incorporates above paragraphs 1 through 69 by reference as if fully set forth herein.

71. Defendant Fuentes, or other agents under the supervision of Defendant Fuentes, intentionally and unlawfully detained Plaintiff against her will in that she prevented Plaintiff from leaving the home, searched Plaintiff's home and/or room, searched the locked lockbox for weapons, and ordered Plaintiff to remain in a particular place surrounded by other officers.

72. Defendant Fuentes imprisoned Plaintiff for several hours so that Defendant Fuentes could obtain a search warrant to justify her actions.

73. Defendant Fuentes entered the home without a valid warrant or the consent of any person who could have reasonably been believed to have provided consent. Even if Jane Kennedy authorized Defendant Fuentes to enter the home, she can only consent to search common areas. Defendant Fuentes did not have consent or a warrant to authorize her to force entry into Plaintiff's bedroom.

**COUNT V: TRESPASS TO CHATTEL- DEFENDANT FUENTES INDIVIDUALLY**

74. Plaintiff incorporates above paragraphs 1 through 73 by reference as if fully set forth herein.

75. The Fourth Amendment requires that all search warrants be accompanied by a sworn affidavit, specify the places to be searched, and be specific in describing the people and things to be seized.

76. The search warrant obtained by Defendant Fuentes does not include the authority to search any vehicle. Only the home listed at 5020 Silvers Rd, Raleigh, North Carolina.

77. On January 3, 2023, Plaintiff was the lawful owner of the searched vehicle that was driven by Mr. Misuraca.

78. Defendant Fuentes interfered with Plaintiff's rights to the vehicle when she prolonged the seizure of Defendant and her property without probable cause or a warrant.

79. At the time Defendant Fuentes's seizure of Plaintiff extended beyond the search of the home, she had no lawful basis to seize or search the vehicle.

80. At the time Defendant Fuentes searched Plaintiff's vehicle, she had no probable cause to search, and therefore had no lawful basis to interfere with Plaintiff's vehicle.

## COUNT VI: *MONELL v. DEP'T OF SOCIAL SERVS*, 436 U.S. 658 (1977)- DEFENDANTS WAKE COUNTY

81. Plaintiff incorporates above paragraphs 1 through 80 by reference as if fully set forth herein.

82. The Defendant Wake County, with deliberate indifference, maintained a policy, custom, or pattern and practice of promoting, facilitating, and condoning improper, illegal, and unconstitutional techniques implemented by Defendant Willie Rowe and his staff, specifically promoting unconstitutional searches and seizures related to marijuana arrests made solely on the basis of sight or smell of what officers believed to be marijuana.

83. It would have been plainly obvious to a reasonable policymaker that such policies, customs, or patterns and practices would lead to violations of the constitutional rights of individuals that have been stopped or investigated by the Defendant Willie Rowe in Wake County, North Carolina.

84. Wake County's policies, customs, or patterns and practices led to violations of the constitutional rights of the Plaintiff during an investigation by the Defendant Rowe or his staff and agents.

85. The wrongful acts and omissions that caused the unconstitutional search and seizure of the Plaintiff were carried out pursuant to Defendant Wake County's policies, customs, patterns, and/or practices.

86. Defendants Wake County and Defendant Rowe, by failing to examine its policies regarding entrance of dwellings, practice for obtaining warrants, searching of dwellings without and with warrant, the scope of warrants, and failing to properly train its officers regarding the aforementioned directly and proximately caused Plaintiff to be subjected to an unconstitutional search and seizure which violates all standard of decency and constitutes deliberate indifference to the Constitution of the United States.

87. At all times, Defendant Wake County knew or should have known its conduct was in violation of the Plaintiffs' constitutional rights.

88. That Plaintiff has suffered damages as a direct and foreseeable result of Defendant's deliberate indifference in excess of $25,000, an amount to be determined at trial.

## PUNITIVE DAMAGES

89. Plaintiff incorporates the above paragraphs 1 through 88 by reference as if fully set forth herein.

90. A factfinder may award punitive damages if the Defendants' conduct "was malicious, oppressive or in reckless disregard of the Plaintiff's rights.

91. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if the Defendant acts in the face of a perceived risk that its actions will violate the Plaintiff's rights under both state and federal law.

92. An act or omission is oppressive if the Defendant injures or damages or otherwise violates the rights of the Plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power, or by taking advantage of some weakness, or disability, or misfortune of the Plaintiff.

93. Defendants' actions show a complete indifference to Plaintiff's Fourth amendment rights under the Constitution of the United States. Defendants willfully or recklessly subjected Plaintiff to an unconstitutional search and seizure depriving her of her liberty and property in violation of the Fourth Amendment; for which, all Defendants are liable, and for which, Plaintiff should be awarded compensatory and punitive damages in an amount of three times the amount of damages determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays the Court for the following relief:

1. That this Court award compensatory damages in an amount greater than one million and 00/100 dollars ($1,000,000.00), to be shown at trial;

2. That this Court award punitive damages in an amount greater than one million and 00/100 dollars ($1,000,000.00), to be shown at trial.

3. That this Court award Plaintiff's pre-judgment and post-judgment interest and recovery of costs, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 1920;

4. That the Plaintiff has a trial by jury on all issues and claims set forth in this Complaint;

5. That this Court retain jurisdiction of this matter for the purpose of enforcing orders of this Court; and

6. That this Court grant such other and further relief as this Court deems equitable and just under the circumstances.

Respectfully submitted this the 21st day of February, 2023.

s/Jeff Dobson
N.C. State Bar: 54808
Dobson Law Firm, PLLC
1130 Situs Court, Suite 240
Raleigh, N.C. 27511
Telephone: (919) 591-2240
Email: jdobson@dobsonlawnc.com
*Attorney for the Plaintiff*